UNITED STATES v. McCALLUM et al., State Board of Harbor Com'rs of California.

(District Court, N. D. California, Second Division: May 29, 1922.)

No. 16484.

States ⟐⟐200—Action in tort against state board held not suit against state and cognizable by federal court.

An action in tort by the United States against a state board to hold it responsible for wrongful acts committed in violation of a federal statute and not authorized by the state is not one against the state and is cognizable by a federal court.

At Law. Action by the United States against John H. McCallum and others, constituting the State Board of Harbor Commissioners of the State of California. On motion by defendants to dismiss. Denied.

John T. Williams, U. S. Atty., and E. M. Leonard, Asst. U. S. Atty., both of San Francisco, Cal.

Daniel A. Ryan, of San Francisco, Cal., for defendants.

VAN FLEET, District Judge. The action is one to recover from the defendant board certain penalties claimed to have been incurred by it for alleged violations of the federal Safety Appliance Act of March 2, 1893 (27 Stat. 531 [Comp. St. §§ 8605–8612]), and the amendments thereto, committed in its operation of what is known as the State Belt Railroad, a line of railroad traversing the San Francisco harbor front, belonging to the state and employed as an instrumentality in, and common carrier of, both state and interstate commerce, under the official control and management of the defendant board. The defendants have moved to dismiss upon the ground that the action is in legal effect one against the state, and consequently not within the jurisdiction of this court under the Eleventh Amendment to the Constitution; the theory being that the defendant board, a governmental agency, of the state, is merely a representative of the state, for whose acts the state is solely responsible, and out of whose treasury any judgment recovered must be paid.

The motion is based upon a misapprehension of the nature and effect of the cause of action sued upon. While the defendant board is undoubtedly purely an agency of the state, through which it conducts the affairs of the San Francisco harbor and its water front, it never-

⟐⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

theless represents the state only when acting within the proper scope and limitations of the authority conferred upon it by the law of its creation. Were the action based upon a cause arising out of its performance of a power or duty vested in it by law, or for the purpose of enforcing the performance of some contract or obligation assumed by it on behalf of the state, undoubtedly it would in such an instance be regarded as representing the state, and the latter would be regarded as the real defendant, even if not so named. Chapman v. State, 104 Cal. 690, 38 Pac. 457, 43 Am. St. Rep. 158; Reagan v. Farmers' Loan & Trust Co., 154 U. S. 362, 14 Sup. Ct. 1047, 38 L. Ed. 1014. But the action is one purely in tort, to hold the defendant responsible for wrongful acts committed in violation of a federal statute, and not in pursuance of any authorization or attempted authorization of the state. Such an action is not one against the state, nor one for which the state could in any event be held liable. The state could not, if it would, authorize or justify the commission of the tortious acts complained of (Hopkins v. Clemson Agricultural College, 221 U. S. 636, 31 Sup. Ct. 654, 55 L. Ed. 890, 35 L. R. A. [N. S.] 243); and it will not therefore be regarded as standing behind its officers in the commission of such acts (Denning v. State, 123 Cal. 316, 55 Pac. 1000; Melvin v. State, 121 Cal. 16, 53 Pac. 416).

While the facts are novel, the case falls fairly within the principles of Reagan v. Farmers' Loan & Trust Co., supra, and cases there cited; Poindexter v. Greenhow, 114 U. S. 270, 5 Sup. Ct. 903, 962, 29 L. Ed. 185; Scott v. Donald, 165 U. S. 58, 17 Sup. Ct. 265, 41 L. Ed. 632; Hopkins v. Agricultural College, supra; Sloan Shipyards Corp. v. United States Shipping Board Emergency Fleet Corp. (May 1, 1922) 258 U. S. ——, 42 Sup. Ct. 386, 66 L. Ed. ——.

The motion to dismiss is denied.